IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

RICKEY S. ELEY and
TAWANNE S. ELEY,
        Plaintiffs,

v.                                                 Civil Action No. 3:16-CV-00842-JAG

BRYAN J. ALLEN,
        Defendant.

## OPINION

Following a car accident, Officer Bryan J. Allen took out arrest warrants for Rickey S. Eley ("Mr. Eley") and Tawanne S. Eley ("Mrs. Eley") for giving false reports to a police officer and violating Virginia's hit-and-run laws. According to the Eleys, Officer Allen had no basis or cause for these charges, so they have sued Officer Allen for violating their Fourth Amendment rights, engaging in malicious prosecution, and defaming them. Officer Allen has moved to dismiss all claims. Because the facts and inferences as plead by the Eleys sufficiently state a claim for a Fourth Amendment violation and malicious prosecution, the Court will deny the motion to dismiss these claims. The Court, however, will grant the motion to dismiss the Eleys' defamation claim because absolute privilege covers the alleged defamatory statements.

## I. BACKGROUND

On October 17, 2015, the Eleys were driving in Petersburg, Virginia. Specifically, Mrs. Eley drove and Mr. Eley sat in the front seat. The car the Eleys drove had an inoperable inside door handle on the driver's side door.

At an intersection, another car ran a red light and collided with the Eleys' car. Mrs. Eley could not open the driver's side door because of the broken door handle, so Mr. Eley reached across Mrs. Eley, rolled down the driver's side window, and opened the driver's door from the

outside. Mr. Eley helped his wife get out of the car on the driver's side, then got out of the car on the passenger's side. Mr. Eley then called 9-1-1. While they waited, the teenage driver of the other car acted aggressively and belligerently.

Officer Allen arrived at the scene and interviewed "the individuals involved and witnesses." (Compl. ¶ 26.) The Eleys explained the accident. The driver and passengers of the other car accused the Eleys of switching seats after the accident. The Eleys responded to this accusation by explaining the broken door handle to Officer Allen. During the investigation, Officer Allen was condescending and arrogant to the Eleys, and he grew increasingly frustrated and angry as the investigation continued without resolution. Officer Allen left without charging either vehicle with any traffic offenses.

Later that evening, Officer Allen took out warrants for the Eleys' arrest. In statements to a magistrate, he alleged that both of the Eleys gave false reports to a police officer and violated Virginia's hit-and-run laws.[1] The magistrate issued the arrest warrants, which police executed the next day. While in custody, the Eleys explained the facts to officers in the City of Suffolk, who said that "the charges never should have been taken out." (Compl. ¶ 51.) A magistrate released the Eleys on their unsecured recognizance. In February 2016, the Commonwealth's Attorney dropped the charges.

Nevertheless, Mr. Eley, who served as a high school principal in North Carolina, reported the charges to the superintendent, who then reported to the school board. On November 16, 2015, the school board forced Mr. Eley to resign. At least four media outlets reported the story and portrayed Mr. Eley in a very negative light. As a result, Mr. Eley has not found a comparable job.

---

[1] Virginia's hit-and-run laws can apply to drivers and passengers, even though they do not "run," if they do not truthfully identify the driver. *See* Va. Code 46.2-894, -895

2

## II. DISCUSSION[2]

The Eleys have sued Officer Allen for (I) violation of their Fourth Amendment rights; (II) malicious prosecution; and (III) defamation. Officer Allen has moved to dismiss all claims against him.

### *Count I: Fourth Amendment Claim*

The Court will deny the motion to dismiss Count I because the Eleys plausibly alleged that Officer Allen showed reckless disregard for the truth when he took out warrants for their arrest. A police officer violates the Fourth Amendment—made applicable to the states through the Fourteenth Amendment—"if, in order to obtain a warrant, he deliberately or with reckless disregard for the truth makes material false statements or omits material facts." *Miller v. Prince George's Cnty.*, 475 F.3d 621, 631 (4th Cir. 2007) (citing *Franks v. Delaware*, 438 U.S. 154, 155 (1978)) (quotation marks omitted). An officer acts with reckless disregard when, having viewed all the evidence, he "entertained serious doubts as to the truth of his statements or had obvious reasons to doubt the accuracy of the information he reported." *Id.* at 627 (citation and quotation marks omitted).

In this case, the Eleys have plausibly alleged that Officer Allen showed reckless disregard for the truth when he took out warrants for their arrest. Accepting as true all allegations in the complaint, Officer Allen had a mature couple telling a consistent story, a broken door handle on

---

[2] Allen moves to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. A Rule 12(b)(6) motion to dismiss gauges the sufficiency of a complaint. *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). In considering the motion, a court must accept all allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999)). "The tenet that a court must accept as true all of the allegations contained in a complaint[, however,] is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a Rule 12(b)(6) motion to dismiss, a complaint must state facts that, when accepted as true, "state a claim to relief that is plausible on its face." *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

their car, and a belligerent teenager and his friends.[3] Nevertheless, Officer Allen presented to the magistrate only statements that the Eleys made false reports to a police officer and violated Virginia's hit-and-run laws. Officer Allen omitted potentially material facts from his statement, including the Eleys exculpatory version of events. Further, Officer Allen plausibly had reason to doubt the accuracy of the information he reported. Accordingly, Count I survives Officer Allen's motion to dismiss.[4]

### *Count II: Malicious Prosecution*

The Court will also deny Officer Allen's motion to dismiss Count II because the Eleys plausibly allege that Officer Allen lacked probable cause for their arrest. In Virginia, a claim for malicious prosecution requires a plaintiff to prove that the prosecution was (1) malicious, (2) instituted by the defendant, (3) without probable cause, and (4) terminated in the plaintiff's favor. *Lewis v. Kei*, 281 Va. 715, 722, 708 S.E.2d 884, 889 (2011). Officer Allen only challenges the third element, arguing that he acted with probable cause. For the same reasons that Count I survives, however, Count II survives Officer Allen's motion to dismiss. As alleged, the Eleys have plausibly stated a claim that Officer Allen acted without probable cause on the charged offenses. Further, courts evaluate probable cause based on the totality of the circumstances,[5] an inquiry better suited for summary judgment or trial. Thus, the Court denies the motion to dismiss Count II.

---

[3] Officer Allen focuses on the fact that he interviewed witnesses other than those involved in the offense, (Compl. ¶ 26), then came to his conclusion based on witness statements, (Compl. ¶ 41). The complaint, however does not indicate the identity of the witnesses or whether the cited paragraphs in the complaint refer to the same witnesses. At this stage, the Court will draw all inferences in the Eleys' favor.

[4] The Court also denies Officer Allen's qualified immunity argument at this time because the Eleys plausibly alleged that he violated a clearly established constitutional right. *See Miller*, 475 F.3d at 631.

[5] *Wadkins v. Arnold*, 214 F.3d 535, 539 (4th Cir. 2000).

### *Count III: Defamation*

The Court will, however, grant the motion to dismiss Count III because absolute privilege covers Officer Allen's statements to the magistrate. Under well-settled Virginia law, words spoken or written in a judicial or quasi-judicial proceeding enjoy absolute privilege from claims of defamation as long as the words are relevant and pertinent to the matter under inquiry. *See Darnell v. Davis*, 190 Va. 701, 707, 58 S.E.2d 68, 70 (1950) (citing *Penick v. Ratcliffe*, 149 Va. 618, 632–35, 140 S.E.2d 664, 669 (1927)).[6] Statements made to initiate criminal prosecutions certainly qualify. *See Daniczek v. Spencer*, 156 F. Supp. 3d 739, 752–53 (E.D. Va. 2016). In this case, Officer Allen made statements about the Eleys to a magistrate to obtain an arrest warrant. Absolute privilege covers these statements, precluding the Eleys' claim for defamation.

The Eleys argue that qualified, not absolute, privilege applies here. For this proposition, they rely on an unpublished decision that cites a Virginia circuit court decision, which in turn relies on an overruled decision.[7] Well-settled Virginia law cited above, however, applies absolute privilege to statements made in judicial and quasi-judicial proceedings. The Eleys also cite cases discussing qualified immunity in § 1983 cases,[8] an entirely separate body of law from immunity in state law defamation cases. Thus, under Virginia law, absolute privilege applies in this case, not qualified privilege. Accordingly, the Court grants Officer Allen's motion to dismiss the Eleys' claim for defamation.

---

[6] *See also Lindeman v. Lesnick*, 268 Va. 532, 537–38, 604 S.E.2d 55, 58 (2004) (citing cases and explaining the reasons for this absolute privilege).

[7] The Eleys quote *Mukuna v. Gibson*, No. 1:11CV493 (LMB/IDD), 2011 WL 3793336, at *3 (E.D. Va. Aug. 25, 2011), which cites *Morris v. Massingill*, 61 Va. Cir. 532, 536 (Va. Cir. Ct. 2003), which cites *Taylor v. Grace*, 166 Va. 138, 144, 184 S.E. 211 (1936). (Opp'n 19–20.) The Supreme Court of Virginia overruled *Taylor* in *Cashion v. Smith*, 286 Va. 327, 749 S.E.2d 526 (2013).

[8] For example, the Eleys quote *Malley v. Briggs*, 475 U.S. 335, 340–41 (1986), and in fact include in its quotation the phase "police officrs sued under § 1983 for false arrest." (Opp'n 21.) *Malley* has nothing to do with defamation, let alone defamation under Virginia law.

## III. CONCLUSION

In summary, while the statements Officer Allen presented to the magistrate to obtain an arrest warrant for the Eleys cannot form the basis of a defamation claim, the circumstances surrounding the warrant do plausibly allege claims under the Fourth Amendment and for malicious prosecution. Accordingly, the Court grants in part and denies in part Officer Allen's motion to dismiss.

The Court will enter an appropriate order.

Let the Clerk send a copy of this Opinion to all counsel of record.

Date: 2/7/17
Richmond, VA

/s/ 
John A. Gibney, Jr.
United States District Judge